1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   LARRY DONNELL KING,                    No. C 06-5538 WHA (PR)
11          Plaintiff,                      **ORDER GRANTING
                                            DEFENDANTS' MOTION
12     v.                                   TO DISMISS FOR FAILURE
                                            TO EXHAUST**
13   P. NOLAND, J. MOORE, M.
     KIRCHER, G. PONDER, T. SELBY,
14   J. CAPPRESSO, S. GOMEZ, A.
     HEDGPETH, M. S. EVANS, T.
15   VARIZ, D. A. TRAVERS,
     MORRISON, JR., SULLIVAN, S.
16   COLLINGS, J. CELAYA, E. JONES,
17          Defendants.
                                        /
18

19          This is a civil rights case filed pro se by a state prisoner.  Plaintiff contends that

20   defendants retaliated against him for exercising his Fifth Amendment right not to "interview"

21   with prison officials who were investigating an assault on an inmate.  They placed him on cell

22   restriction, which limits his outdoor exercise, the amount of personal property he is allowed in

23   his cell, and the visits he may receive.  Plaintiff also contends that placing him on cell

24   restriction status without his having been found guilty of any rule violation was a violation of

25   his due process rights.  Defendants have filed an unenumerated motion to dismiss for failure to

26   exhaust administrative remedies.  Plaintiff has opposed the motion to dismiss and defendants

27   have filed a reply.  For the reasons set out below, the motion is **GRANTED**.

28   ///

**DISCUSSION**

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id*. (citation omitted).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted). Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under §

1    1997e(a).  *Id.* at 1237-38.

2         Nonexhaustion under § 1997e(a) is an affirmative defense.  *Wyatt v Terhune*, 315 F.3d

3    1108, 1119 (9th Cir 2003).   It should be treated as a matter of abatement and brought in an

4    "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  *Id.*

5    (citations omitted).  In deciding a motion to dismiss for failure to exhaust administrative

6    remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues

7    of fact.  *Id.* at 1119-20.  If the court concludes that the prisoner has not exhausted California's

8    prison administrative process, the proper remedy is dismissal without prejudice.  *Id.* at 1120.

9         Defendants' evidence is sufficient to establish that plaintiff did not pursue an

10   administrative appeal (grievance) involving the events giving rise to this case to the third and

11   final formal level of the system, and plaintiff does not dispute that fact.  Instead, he contends

12   that he was not required to reach the third level to have exhausted.

13        Plaintiff points to two grievances involving the issue of whether he could be punished

14   for refusing to interview.  Copies are attached to the declaration of T. Variz as exhibits B and C.

15   In administrative appeal SVSP D 05-02614 plaintiff asked for an investigation and for him to be

16   allowed the same "program" as other black inmates (Decl. T. Variz, Exh. B).  In administrative

17   appeal SVSP C 05-03965 plaintiff asked that the prison stop punishing inmates for not

18   interviewing and, in his appeal to the second level, that a "legal figure" be present at the

19   interviews (Decl. King, Exh. 2).[1]  In the first of these, plaintiff withdrew the grievance when he

20   was allowed to program with the rest of the population (Decl. King at 1).  In the second, the

21   grievance was "partially granted" and the institution agreed to stop punishing inmates for

22   refusing to interview (*ibid.*).  Plaintiff's position is that he had fully exhausted because his

23   grievances were granted.

24        The obligation to exhaust persists as long as some remedy is available; when that is no

25   longer the case, the prisoner need not further pursue the grievance.  *Brown v. Valoff*, 422 F.3d

26   926, 934-35 (9th Cir. 2005).  A prisoner need not exhaust further levels of review once he has

27

28        [1] The request for a "legal figure" is on the back of the administrative appeal form,
and that second side is not included in the copy of the grievance which is exhibit C to the
defendants' Viriz declaration.  It is included in exhibit 2 attached to plaintiff's declaration.

3

1    either received all the remedies that are "available" at an intermediate level of review, or has

2    been reliably informed by an administrator that no more remedies are available. *Id.* at 935. In

3    this case plaintiff was not granted the investigation he requested in SVSP D 05-02614 and was

4    not granted the right to have a "legal figure" present as he requested in SVSP C 05-03965, so in

5    fact further remedies were available. That is, some of the relief he had requested in the

6    grievances was not granted and remained potentially available to plaintiff if he appealed further.

7    As a result, his failure to take his claims to the highest level available constituted a failure to

8    exhaust. The motion will be granted.

9                                         **CONCLUSION**

10        The motion to dismiss (document number 7 on the docket) is **GRANTED**. The case is

11   **DISMISSED** without prejudice. The clerk shall close the file.

12        **IT IS SO ORDERED.**

13

14   Dated: March ____4____, 2007.

                                          WILLIAM ALSUP
15                                        UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\WHA\CR.06\KING538.DISMISS-EXH.wpd